IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 10-CV-02126WDM-KLM

CONTINENTAL WESTERN INSURANCE COMPANY, an Iowa corporation,

    Plaintiff,

v.

SHAY CONSTRUCTION, INC., a Colorado corporation,
MILENDER WHITE CONSTRUCTION CO., a Colorado corporation;

    Defendants.

## STIPULATED PROTECTIVE ORDER

    Plaintiff Continental Western Insurance Company, Defendant Shay Construction, Inc. and Defendant Milender White Construction Co. (collectively, the "Parties"), through their respective undersigned counsel, stipulate and agree as follows, and request that this Court enter this Stipulated Protective Order:

    1.    The Parties have identified and will be producing certain documents and information that they consider to be confidential ("Confidential Material"). Confidential Material may include documents disclosed or produced during discovery, deposition testimony and/or transcripts, and any portions of any pleadings or other documents that quote from or summarize the foregoing.

    2.    The Parties may designate any documents or information as Confidential Material. In the case of documents, such designation shall be made by stamping the word "Confidential" on all pages of the document. In the case of deposition testimony, such designation shall be made by identifying on the record those portions of the testimony considered

confidential, and such designation shall be conspicuously identified by the reporter in the transcript as confidential. Additionally, in the case of deposition testimony, such designation may also be made upon review of the transcript by way of written notice to the other parties identifying those portions of the testimony considered confidential. Computer disks, drives, programs, and other electronic media and non-documentary material shall be designated as Confidential Material by any suitable, conspicuous means. The designation of information as Confidential Material shall constitute a certification by the attorney making the designation that he or she believes in good faith that the material is entitled to confidential protection.

3. Confidential Material shall be subject to the following treatment:

a. Confidential Material shall not be used for any purpose other than the instant litigation. All reasonable precautions shall be taken to secure its confidentiality. Any person given access to Confidential Material shall neither use nor disclose such Confidential Material except pursuant to the requirements set forth herein.

b. To the extent not previously disclosed, Confidential Material designated as such shall not be disclosed to anyone other than the Parties, their counsel (and staff working directly for their counsel), their witnesses, and the experts they retain for purposes of this litigation.

c. The Parties shall disclose Confidential Material to their witnesses only for the purpose of preparation in this litigation, and only upon their acknowledgment and agreement to be bound by the terms of this Order. Before disclosing any Confidential Material to witnesses, the parties shall obtain their signatures on a Statement Regarding Confidentiality in the form attached as Exhibit A.

      d.      The Parties shall disclose Confidential Material to expert witnesses only for the purpose of preparation in this litigation, and only upon their acknowledgment and agreement to be bound by the terms of this Order. Before disclosing any Confidential Material to expert witnesses, the Parties shall obtain their signatures on a Statement Regarding Confidentiality in the form as attached as Exhibit A.

      e.      Within thirty (30) days of the conclusion of this litigation, including appeals, Confidential Material (including all copies, extracts, summaries, and documents containing confidential information) shall be destroyed or returned to the party who produced it. Counsel in possession of the Confidential Material shall certify to opposing counsel in writing that he or she has fulfilled the obligation set forth herein.

      f.      Compliance with this Order shall not constitute an admission that information designated by the other party as Confidential Material is in fact confidential information. The parties may challenge each other's designation of information as Confidential Material by filing a motion requesting further disclosure or declassification of Confidential Material. The disputed material shall continue to be treated as confidential until such motion is determined. Nothing herein shall affect a party's right to contest any assertion or finding of confidentiality or privilege, and/or to appeal any adverse determination of the Court regarding said confidentiality or privilege.

4.      Nothing herein shall apply to any information that has been voluntarily disclosed to the public or that has been lawfully acquired from a source that is not confidential and that has no confidentiality obligation to any of the parties with respect to the information.

5.      This Order is not intended to limit the legal duties or responsibilities of any person that otherwise may exist under law with regard to confidential and/or proprietary

information and/or trade secrets.

6. This Stipulated Protective Order shall be retroactive to the date of any Party's receipt of Confidential Materials.

7. The Court shall retain jurisdiction over the Parties bound by this Order after the action is terminated for purposes of enforcing this Order.

Stipulated and Respectfully submitted this 13th day of April, 2011 by:

s/Joshua F. Bugos
Brian J. Spano, Esq.
Joshua F. Bugos, Esq.
Rothgerber Johnson & Lyons LLP
1200 17th Street, Suite 3000
Denver, CO 80202
(303) 623-9000
bspano@rothgerber.com

ATTORNEYS FOR PLAINTIFF
CONTINENTAL WESTERN INSURANCE
COMPANY

s/Christopher R. Mosley
Christopher R. Mosley, Esq.
Henry C. Bangert, Esq.
SHERMAN & HOWARD L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900
cmosley@shermanhoward.com
hbangert@shermanhoward.com

ATTORNEYS FOR DEFENDANT
MILENDER WHITE CONSTRUCTION CO.

s/Jeremy A. Sitcoff
Jeremy A. Sitcoff, Esq.
Bradley A. Levin, Esq.
ROBERTS LEVIN ROSENBERG, PC
1660 Wynkoop Street, Suite 800
Denver, CO 80203
Telephone: (303) 575-9390
Facsimile: (303) 575-9385
bal@robertslevin.com
jas@robertslevin.com

ATTORNEYS FOR DEFENDANT/
COUNTER CLAIM PLAINTIFF SHAY
CONSTRUCTION, INC.

THE FOREGOING STIPULATION IS HEREBY MADE AN ORDER OF THE COURT:

BY THE COURT:

Date: _April 7, 2011_          _____
                                United States Magistrate Judge

## EXHIBIT A

### AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1. I have received a copy of the Stipulated Protective Order in the legal action entitled *Continental Western Insurance Co. v. Shay Construction, Inc., et al,* Case No. 10-CV-02126WDM-KLM, United States District Court, District of Colorado. I have carefully read and understand the Stipulated Protective Order, and agree to comply with its provisions.

2. I will hold any designated confidential material disclosed to me in confidence, and will not disclose such information to anyone not qualified to receive such material under the Stipulated Protective Order, and will use such material only for purposes set forth in the Stipulated Protective Order.

3. Promptly upon termination of this action, I will return all designated material which came into my possession, and all documents or things that I have prepared which contain, reflect or are based on such designated material or the information contained therein, to counsel disclosing such materials to me.

4. I hereby submit to the jurisdiction of the United States District Court for the District of Colorado for the purposes of enforcement of the Stipulated Protective Order and this Agreement.

Date this _____ day of _____, 20____.

_____