**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02126-WJM-KLM

CONTINENTAL WESTERN INSURANCE COMPANY, an Iowa corporation,

    Plaintiff,

v.

SHAY CONSTRUCTION, INC., a Colorado corporation, and
MILENDER WHITE CONSTRUCTION CO., a Colorado corporation,

    Defendants.

---

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

---

This matter is before the Court on Defendant Milender White Construction Co.'s ("Milender White") Motion to Reconsider Summary Judgment (ECF No. 59), and Defendant Shay Construction, Inc.'s ("Shay") Motion for Reconsideration (ECF No. 60).[1] Both motions seek reconsideration of the Court's order granting summary judgment to Plaintiff Continental Western Insurance Co. (ECF No. 57.) For the following reasons, Defendants' motions for reconsideration are DENIED.

This action centered around the issue of whether Plaintiff was required to provide liability insurance coverage to its insured, Shay, in an underlying lawsuit brought by Milender White against Shay. In the order granting summary judgment, U.S. Senior District Judge Walker D. Miller held that Plaintiff was not required to provide coverage to Shay because, *inter alia*, the underlying work by Shay (for which it was sued by

---

[1] Both motions are brought pursuant to Federal Rule of Civil Procedure 59. *See* Fed. R. Civ. P. 59(e) (providing for motions to "alter or amend a judgment").

Milender White) fell within two exclusions in the governing insurance policy: exclusions (j)(5) and (j)(6).[2]

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In their motions, Defendants argue that reconsideration is warranted because Judge Miller clearly erred in concluding that Shay's work fell within exclusions (j)(5) and (j)(6).[3]

The Court has carefully analyzed the motions for reconsideration, Judge Miller's order granting summary judgment, the briefing on Plaintiff's underlying motion for summary judgment, and the insurance policy at issue. Based on that analysis, the Court concludes that, although Defendants' arguments regarding the applicability of exclusions (j)(5) and (j)(6) are viable, Judge Miller's interpretations of those exclusions and findings regarding the applicability of those exclusions were reasonable. Therefore, Judge Miller's conclusions that: (a) Shay's work fell within exclusions (j)(5) and (j)(6), and thus that (b) Plaintiff was not required to provide coverage to Shay, were not clearly erroneous. *See, e.g.*, *Mugworld Inc. v. G.G. Marck & Assoc. Inc.*, 351 F. App'x 885, 888 (5th Cir. 2009) ("Although a reasonable argument can certainly be made [supporting appellant's view regarding the proper interpretation of the contract], an

---

[2] The day after Defendants filed their motions for reconsideration, this action was reassigned to the undersigned.

[3] Defendants do not argue that there has been an intervening change in the controlling law or that new evidence not previously available exists.

alternative reasonable interpretation of the evidence is not sufficient to establish clear error. . . . Therefore, the district court's interpretation of the . . . agreement is not clearly erroneous."); *King v. Comm'r of Internal Revenue*, 207 F. App'x 681, 683 (7th Cir. 2006) ("Reasonable minds might disagree over the interpretation of the [piece of evidence], but such a disagreement is insufficient to amount to clear error.")

In accordance with the foregoing, it is therefore ORDERED that Defendant Milender White Construction Co.'s Motion to Reconsider Summary Judgment (ECF No. 59) and Defendant Shay Construction, Inc.'s Motion for Reconsideration (ECF No. 60) are DENIED.

Dated this 17th day of October, 2011.

BY THE COURT:

William J. Martínez
United States District Judge